IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUAVON DAVIS,

                                              OPINION AND ORDER

            Plaintiff,

                                              17-cv-704-bbc

      v.

DANIEL LAYMAN,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Quavon Davis, who is incarcerated at the Columbia Correctional Institution, is proceeding on an Eighth Amendment claim that defendant Daniel Layman dispensed him the wrong medication. Defendant has filed a motion for summary judgment, and plaintiff's response is due on December 17, 2018. On December 7, 2018, plaintiff filed a motion to stay the case to allow him time to conduct discovery and to renew his request for court assistance in recruiting counsel. Dkt. #43.

For the reasons explained below, I am denying plaintiff's motion but giving him an extra 14 days to respond to defendant's motion for summary judgment.

OPINION

In an order entered on March 20, 2018, I denied plaintiff's request for assistance in

1

recruiting counsel because even though he had shown that he is indigent and cannot afford to hire counsel, he had not yet met the other requirements, including making reasonable efforts to find a lawyer on his own and showing that the legal and factual difficulty of the case exceeds his ability to prosecute it.  Dkt. #27 (citing Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010); Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992)).  In his current motion, plaintiff has not made any attempt to satisfy these requirements and only generally requests the "appointment" of counsel.  Accordingly, I will deny plaintiff's second request for assistance in recruiting counsel for the same reasons on which I relied when I denied his original request.  If plaintiff's claim survives summary judgment and he can show that he is unable to represent himself at trial, he is free to renew his motion for court assistance in recruiting counsel at that time.

In his motion, plaintiff also asks that the court stay the case so that he may conduct discovery, stating that "it is impossible for [him] to survive summary judgment without access to discovery materials" and "[o]bviously a mistake has been made."  Dkt. #43 at 2. He asks that the motion for summary judgment "be put in abeyance until such a time as [he] can fully exercise his right to receive discovery."  Id.  It is not clear what mistake plaintiff is referring to, why he believes that he does not have access to discovery materials or why he did not submit any requests for discovery to defendant before this time.  Plaintiff was provided with a copy of the Preliminary Pretrial Conference Order entered by the court on April 5, 2018, in which the court explained the discovery process and the procedures for

filing and responding to motions for summary judgment. Dkt. #28. Plaintiff has until April 26, 2019 within which to conduct discovery if he chooses to do so. However, his request for a stay at this late stage is unreasonable and would unfairly delay the proceedings in this case.

At this point, plaintiff should review defendant's motion for summary judgment and proposed findings of fact and prepare a response based on his personal knowledge and the information he has in his possession. The Preliminary Pretrial Conference Order and the attachments to it contain useful information and instructions to help plaintiff. Plaintiff's case is relatively simple, involving only one claim based on a single incident involving only him and defendant Layman. In preparing his response, plaintiff should focus on explaining what happened during the medication distribution and the problems it allegedly caused. Plaintiff should prepare responses to defendant's proposed findings of fact and propose facts of his own that support his claim and that are supported by admissible evidence, such as his sworn affidavit. To help plaintiff in this process, I will give him until January 4, 2019, within which to respond to defendant's motion for summary judgment. Defendant's reply will be due on January 14, 2019.

ORDER

IT IS ORDERED that plaintiff Quavon Davis's motion to stay case and for assistance in recruiting counsel, dkt. #43, is DENIED. Plaintiff's response to defendant's motion for

summary judgment is due January 4, 2019. Defendant's reply is due January 14, 2019.

Entered this 11th day of December, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge