IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUAVON DAVIS,

                                      OPINION AND ORDER

        Plaintiff,

                                      17-cv-704-bbc

    v.

DANIEL LAYMAN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Quavon Davis is proceeding on a claim in this case that defendant Daniel Layman dispensed the wrong medication to him, in violation of his rights under the Eighth Amendment. Before the court is defendant's motion for summary judgment. Dkt. #36. For the reasons explained below, I am granting defendant's motion and closing this case.

From the parties' proposed findings of fact, I find the following facts to be undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Quavon Davis is an inmate at the Columbia Correctional Institution, where defendant Daniel Layman is employed as a correctional officer. As part of defendant's regular job duties, he delivers medications to inmates. He received "pre-service training" in medication delivery in October or November of 2016 and he has received refresher training

1

on medication delivery each year since 2016. Certain medications prescribed to inmates are controlled by officers to document compliance and prevent the risks of an inmate's overdosing or selling medications to other inmates. The controlled medications come in a blister pack. To receive their controlled medication, inmates in general population must report to a designated area on their housing unit when medication pass is called on the unit.

The Division of Adult Institutions's policy on medication delivery requires the correctional officer to show the medication container, package and label to the inmate, who is then responsible for verifying that his name, medication, dose, time and delivery method or route are correct before ingesting the medication. Further information on medication delivery is included in Columbia's inmate handbook, which is provided to every inmate housed at the institution and made available in the institution library. The handbook requires inmates to take all medications as directed and to notify the unit officer of any concerns they may have regarding medication or directions before consuming any medication. The handbook also states that "[a]n inmate should ensure his name is on the medication card and it is the correct medication."

At approximately 9:00 p.m. on April 20, 2017, plaintiff reported to the medication cart for his bedtime medication. Defendant was working in plaintiff's housing unit at this time and removed plaintiff's medication card (blister pack) from the cart. (Defendant says that he showed the card to plaintiff and that plaintiff nodded yes, which defendant understood to mean that plaintiff had reviewed the medication card and was confirming that

2

he was receiving the correct medication. Plaintiff says that defendant never showed him the medication card.) Defendant then popped the medication from the blister pack into plaintiff's hand, and plaintiff swallowed it. Immediately after consuming the medication, plaintiff asked defendant, "What did you just give me?" Defendant looked at the medication card and saw that he had inadvertently given plaintiff the wrong medication, which was 10 mg of Cyclobenzaprine (a muscle relaxant). Defendant also had plaintiff take the anti-anxiety medication that plaintiff was supposed to have received.

Defendant immediately called the health services unit and informed a nurse of the error. He gave the nurse the name of the medication and dose given to plaintiff, as well as the names of other medications that are prescribed to plaintiff. A short time later, a nurse called defendant back and informed him that plaintiff would be fine. Defendant relayed this information to plaintiff.

Before the second shift ended at 10:00 p.m., defendant followed up with plaintiff, who said that he was not feeling well, that he felt dizzy and that his stomach hurt. (Defendant says that he relayed this information to the health services unit, was told to continue to monitor plaintiff and passed along this information to the incoming third-shift staff. Plaintiff says that because defendant did not take plaintiff "seriously" and left for the day, plaintiff told a correctional officer on the third shift that he needed help and the third shift officer notified health services.)

Plaintiff saw a nurse the same evening and complained of sleepiness and numbness in his tongue. According to plaintiff's medical record, plaintiff's tongue appeared normal in

3

color and size, he talked and swallowed without difficulty, he was alert and oriented and he had no shortness of breath. (Plaintiff says that the nurse told him that his "vitals" were elevated.) The nurse further noted that she consulted with Dr. Manlove, who recommended follow-up as needed. Plaintiff did not receive any further medical treatment related to this incident.

After reviewing plaintiff's inmate complaint with respect to this incident, the inmate complaint examiner determined that both defendant and plaintiff failed to follow the department's medication delivery policy. According to the inmate complaint examiner's decision, defendant did not present plaintiff the prescribed medication and dose at the prescribed time and plaintiff did not verify that he was receiving the correct medication.

OPINION

To prevail on an Eighth Amendment deliberate indifference claim, plaintiff must show that defendant was aware that plaintiff was being subjected to a substantial risk of serious harm but was either "deliberately indifferent" or consciously refused to take reasonable measures to prevent the harm. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Any time a prisoner receives the wrong medication, there is a risk of harm. Robbins v. Waupun Correctional Institution, 2016 WL 5921822, at *3 (E.D. Wis. Oct. 11, 2016) ("Administering the wrong medication may well pose a substantial risk of harm, depending on the circumstances."). However, courts have found that "one isolated mistake does not allow a plausible inference of deliberate indifference." Id. (quoting Morrison v. Utz, 2012

WL 293548, at *2 (C.D. Ill. Jan. 31, 2012)). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

A reasonable jury would not conclude from the undisputed facts in this case that defendant was deliberately indifferent to a serious risk of harm to plaintiff. Although the parties dispute whether defendant followed the department's medication delivery policy by showing the medication blister pack to plaintiff so plaintiff could verify what he was taking, the dispute does not affect the outcome of this case. At most, defendant's one-time error in failing to follow department policy amounts to negligence or gross negligence. Richmond v. Dart, 2012 WL 567245, at *2 (N.D. Ill. Feb. 17, 2012) ("The officer, the nurse—and Plaintiff himself, for that matter—all may have been negligent for failing to confirm that the medication in question was being taken by the right inmate. But neither negligence nor gross negligence implicates the Constitution."); Davis v. Baker, 2010 WL 779502 (S.D. Ind. Feb. 26, 2010) (granting summary judgment to defendant on claim that defendant handed inmate wrong medication one time); Kirkwood v. Sirin, 2006 WL 587698 *3 (E.D. Wis. Mar. 9, 2006) (no constitutional claim for being given wrong medication on one day). Plaintiff has failed to present any evidence from which a reasonable jury could conclude that defendant intentionally or consciously refused to follow the policy or prevented plaintiff from independently asking or verifying that the medication was his own.

In addition, immediately upon learning of the mistake, defendant contacted the health services unit and followed the nurse's direction. The parties dispute whether it was

5

defendant who reported plaintiff's symptoms of sleepiness and tongue numbness at the end of the second shift, but plaintiff admits that he received a medical evaluation that night and no treatment was required. In any event, a reasonable jury would not conclude that the temporary symptoms of sleepiness and a numb tongue experienced by plaintiff placed him at a substantial risk of serious harm. Morrison, 2012 WL 293548, at *2 (finding same with respect to inmate's temporary symptoms of intestinal problems, headache and heart fluttering after he was mistakenly given another inmate's high blood pressure medication).

Finally, even if plaintiff had shown that a reasonable jury could conclude that defendant's action qualified as deliberate indifference, I would conclude that defendant is entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012). Qualified immunity is an affirmative defense, but the plaintiff carries the burden of defeating it once it is raised. Rabin v. Flynn, 725 F.3d 628, 632 (7th Cir. 2013). To defeat the qualified immunity defense, a plaintiff must show that: (1) the defendant violated a constitutional right; and (2) the right was clearly established at the time so that it would have been clear to a reasonable official that his or her conduct was unlawful in the situation. Saucier v. Katz, 533 U.S. 194, 201-02 (2001); Ewell v. Toney, 853 F.3d 911, 919 (7th Cir. 2017).

Plaintiff has identified no legal authority indicating that a correctional officer violates the Eighth Amendment by dispensing an inmate the wrong medication on one occasion

under circumstances similar to those in this case. In fact, as discussed above, the few cases addressing this issue have found correctional officers liable under the Eighth Amendment for making a one-time mistake in dispensing an inmate's medication, which resulted in only temporary side effects not requiring treatment. Accordingly, defendant is entitled to summary judgment on the merits of plaintiff's claim and on the grounds of qualified immunity.

ORDER

IT IS ORDERED that defendant Daniel Layman's motion for summary judgment, dkt. #36, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of March, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge